**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0163-17T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

SAMUEL VIANA,

    Defendant-Respondent.

_____

Argued April 11, 2018 — Decided August 31, 2018

Before Judges Fuentes, Manahan and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.
16-12-1524.

Stephanie Davis Elson, Assistant Prosecutor,
argued the cause for appellant (Esther Suarez,
Hudson County Prosecutor, attorney; Stephanie
Davis Elson, on the brief).

Rochelle Watson, Assistant Deputy Public
Defender, argued the cause for respondent
(Joseph E. Krakora, Public Defender, attorney;
Rochelle Watson, of counsel and on the brief).

Liza Weisberg argued the cause for amicus
curiae American Civil Liberties Union of New
Jersey (American Civil Liberties Union of New
Jersey, attorneys; Alexander Shalom, Alexi

Machek Valez, Liza Weisberg, Edward Barocas and Jeanne LoCicero, on the brief).

Carol M. Henderson, Assistant Attorney General, argued the cause for amicus curiae the Office of the Attorney General (Gurbir S. Grewal, Attorney General, attorney; Carol M. Henderson, of counsel and on the brief).

PER CURIAM

While driving a car, defendant Samuel Viana was involved in an accident that resulted in the death of one person and serious injury of another. Defendant did not have a driver's license at the time of the accident. However, the Assistant Prosecutor who first presented this case to the Grand Jury believed defendant was driving with a suspended driver's license at the time of the accident. Thus, the Hudson County Prosecutor's Office (HCPO) indicted defendant on one count of being involved in a motor vehicle accident that resulted in the death of another person while his license was suspended, a third degree offense under N.J.S.A. 2C:40-22(a).

The Criminal Part granted defendant's motion to dismiss the indictment based on the State's failure to present evidence to the Grand Jury that addressed all the elements of the offense. The HCPO presented the case again to a different Grand Jury and obtained a second indictment. This time, however, the trial court ruled that under the facts of this case, defendant cannot be

indicted under N.J.S.A. 2C:40-22 as a matter of law and dismissed the indictment with prejudice.

In support of her decision, the trial judge relied on State v. Perry, 439 N.J. Super. 514 (App. Div. 2015), a case involving N.J.S.A. 2C:40-26, a statute that criminalizes those who drive while their driver's licenses are suspended for a second or more conviction for driving while intoxicated (DWI) under N.J.S.A. 39:4-50. The legal question before this court in Perry was whether a defendant can be convicted under N.J.S.A. 2C:40-26 if "the act of driving occurs beyond the determinate sentenced term of suspension" imposed by the court for violating N.J.S.A. 39:4-50 or N.J.S.A. 39:4-50.4(a), but "while the driver continues on administrative suspension." Id. at 519. Writing for the panel, our colleague Judge Alvarez concluded that N.J.S.A. 2C:40-26 "criminalizes the operation of a motor vehicle only while the operator is serving the court-imposed term of suspension, and not thereafter." Ibid.

The trial judge found the essence of Judge Alvarez's reasoning in Perry applied with equal force in this case. The judge concluded that defendant could not be prosecuted under N.J.S.A. 2C:40-22 because at the time of the car accident, defendant's driver's license had been suspended by the Motor Vehicle Commission (MVC) as a sanction, as opposed to a suspension ordered by a judge

as part of a sentence. The judge also found support for her ruling in the legislative history of N.J.S.A. 2C:40-22. The judge concluded that the Legislature did not intend the statute to apply to those whose driver's licenses are suspended based only on their failure to pay a monetary penalty or fine.

In this appeal, the State argues the trial court misapplied our holding in Perry to conclude defendant cannot be prosecuted under N.J.S.A. 2C:40-22. The State contends the legislative history of N.J.S.A. 2C:40-22 does not support the trial judge's analysis and ultimate conclusion. The State argues the Legislature intended to punish all those who defy their unlicensed status and are involved in a car accident that results in the death or injury of others. The State notes that the Legislature amended the Bill to eliminate any distinction between those who drive without ever having been issued a license, and those who have had their license suspended or revoked.

Defendant urges us to affirm the trial judge's ruling. He contends that the State's interpretation of N.J.S.A. 2C:40-22 does not properly consider the language in the second part of the statute that implies the driver must be serving a determinate term of license suspension at the time the accident occurred. Defendant claims his license suspension was indefinite because it was imposed

as a means of encouraging him to pay an outstanding fine, unrelated to a motor vehicle violation under Title 39.

According to defendant, if we adopt the State's interpretation of N.J.S.A. 2C:40-22, it would create inconsistency in the lengths of suspensions and disadvantage those who cannot afford to pay their fines. Finally, defendant argues that N.J.S.A. 2C:40-22 is unconstitutionally vague as applied to these facts because it does not give fair warning to those whose driver's licenses are administratively suspended.

On February 27, 2018, this court issued a sua sponte pre-oral argument order that directed the parties

> to submit supplemental briefs addressing: (1) whether the North Arlington Municipal Court had the statutory authority to suspend defendant's driver's license for failure to comply with a time payment order imposed for an offense unrelated to the Parking Offenses Adjudication Act, N.J.S.A. 39:4-139.2 to -139.14. See N.J.S.A. 39:3-40(i); and (2) the State must submit a supplemental appendix that includes the notice of driver's license suspension sent to defendant by the Motor Vehicle Commission in accordance with N.J.S.A. 39:4—139.10 or any other relevant authority.

We also invited the State Attorney General and the Office of the Public Defender (OPD) to participate in this appeal as Amici Curie and submit additional briefing addressing the issues identified herein. The Attorney General accepted our invitation.

With our consent, the American Civil Liberties Union (ACLU) agreed to substitute for the OPD.

As a threshold matter, we conclude the trial court erred in dismissing the indictment against defendant with prejudice. The legal reasoning that drove our holding in <u>Perry</u> is not applicable to a prosecution under N.J.S.A. 2C:40-22. The plain language of the statute shows the Legislature expressly identified N.J.S.A. 39:3-40 to define the class of defendants subject to prosecution under N.J.S.A. 2C:40-22. We also hold that N.J.S.A. 2C:40-22 is not unconstitutionally vague and does not improperly discriminate against defendants whose driving privileges are suspended because they are unable to pay fines or other monetary penalties ordered by a court as part of sentence, or imposed by the MVC as an administrative sanction.

In the supplemental brief the HCPO submitted in response to our sua sponte order, the State clarified that defendant was an <u>unlicensed driver</u> at the time of the accident. Under these circumstances, the State argues defendant had constructive notice that he was not legally authorized to drive a motor vehicle. Thus, the issues related to the class of defendants whose driver's licenses are suspended as a sanction for a failure to appear in court or to pay court-ordered fines through an installment plan have been rendered moot and are therefore no longer relevant to

A-0163-17T1

this appeal[1]. However, because these issues involved questions of public importance and are likely to reoccur, we have decided to address them here nonetheless.  See <u>Joye v. Hunterdon Cent. Reg'l High Sch. Bd. of Educ.</u>, 176 N.J. 568, 583 (2003).

I

We start our analysis guided by certain rudimentary principles of statutory construction:

> [T]he starting point of all statutory interpretation must be the language used in the enactment. We construe the words of a statute in context with related provisions so as to give sense to the legislation as a whole.
>
> If the plain language leads to a clear and unambiguous result, then our interpretative process is over. We rely on extrinsic evidence of legislative intent only when the statute is ambiguous, the plain language leads to a result inconsistent with any legitimate public policy objective, or it is at odds with a general statutory scheme.
>
> [<u>Spade v. Select Comfort Corp.</u>, 232 N.J. 504, 515 (2018) (internal citations omitted).]

N.J.S.A. 2C:40-22(a) provides:

> Any person who, while operating a motor vehicle in violation of [N.J.S.A.] 39:3-40 or while the person's driver's license is suspended or revoked in any other State, . . . or <u>without ever having been issued a</u>

---

[1] In an order dated April 13, 2018, we denied defendant's motion to strike the section of the State's supplemental brief that alleged defendant was an unlicensed driver at the time of the accident.  On remand, the State must present sufficient evidence of these alleged facts before a Grand Jury.

driver's license by this or any other State . . . is involved in a motor vehicle accident resulting in the death of another person, shall be guilty of a crime of the third degree, in addition to any other penalties applicable under [N.J.S.A.] 39:3-40 or any other provision of law. Upon conviction, the person's driver's license or reciprocity privilege shall be suspended for an additional period of one year, in addition to any suspension applicable under [N.J.S.A.] 39:3-40 and shall be consecutive to any existing suspension or revocation. If the person did not have a driver's license at the time the accident occurred, the person shall be disqualified from obtaining a driver's license in this State for a period of one year. The additional period of suspension, revocation or disqualification shall commence upon the completion of any term of imprisonment.

[N.J.S.A. 2C:40-22(a) (emphasis added).]

N.J.S.A. 2C:40-22(b) contains identical language, except it criminalizes as a fourth degree offense accidents that result in serious bodily injury, as defined in N.J.S.A 2C:11-1.

The prosecution of an offense under N.J.S.A. 2C:40-22 involves the interplay of three statutory schemes. An indictment that charges a defendant with the third degree offense under N.J.S.A. 2C:40-22(a) requires the State to present evidence from which a Grand Jury can find probable cause that defendant: (1) operated a motor vehicle in violation of N.J.S.A. 39:3-40, or without ever having been issued a driver's license by this or any other State; and (2) was involved in a motor vehicle accident

resulting in the death of another person. In cases in which a defendant was operating a motor vehicle with a suspended driver's license, the State must produce evidence that the driver's license was suspended under one of the subsections in N.J.S.A. 39:3-40, which in part states:

> No person to whom a driver's license has been refused or whose driver's license or reciprocity privilege has been suspended or revoked, or who has been prohibited from obtaining a driver's license, shall personally operate a motor vehicle during the period of refusal, suspension, revocation, or prohibition.
>
> [N.J.S.A. 39:3-40.]

For purposes of this appeal, we will focus on N.J.S.A. 39:3-40(i), which provides:

> If the violator's driver's license to operate a motor vehicle has been suspended pursuant to [N.J.S.A. 39:4-139.10] or for failure to comply with a time payment order, the violator shall be subject to a maximum fine of $100 upon proof that the violator has paid all fines and other assessments related to the parking violation that were the subject of the Order of Suspension, or if the violator makes sufficient payments to become current with respect to payment obligations under the time payment order . . . .
>
> [(Emphasis added).]

Under N.J.S.A. 39:4-139.10, a person's driver's license may be suspended for failure to respond to a notice to appear in municipal

court, or for failure to pay outstanding parking judgments or penalties.

The final leg of this three-legged statutory stool is N.J.S.A. 2B:12-31(a)(2), which authorizes the municipal court to order the suspension of a person's driving privileges, if that person has failed "to pay a fine or costs, make restitution, perform community service, serve a term of probation, or do any other act as a condition of that sentence . . . ." N.J.S.A. 2B:12-31(b) requires that "[p]rior to any action being taken pursuant to the provisions of this section, the defendant shall be given notice of the proposed action and afforded an opportunity to appear before the court to contest the validity of the proposed action."

For purposes of clarity, it is worth restating the differences between N.J.S.A. 2C:40-26 and N.J.S.A. 2C:40-22. N.J.S.A. 2C:40-26 criminalizes driving a motor vehicle while one's driver's license was suspended for a second or more conviction for DWI under N.J.S.A. 39:4-50. The interplay in N.J.S.A. 2C:40-26 is a narrow one. The only uncertainty our decision in Perry clarified concerned the nature of the suspension. Defendants who have completed their court-ordered suspension may not be prosecuted under N.J.S.A. 2C:40-26, even if they drive before the MVC reinstated their driving privileges. Perry, 439 N.J. Super. at 519.

The class of individuals who may be prosecuted under N.J.S.A. 2C:40-22 is far more expansive than under N.J.S.A. 2C:40-26. Because we discern no ambiguity in the plain language of the statute, our interpretative process is over. Select Comfort Corp., 232 N.J. at 515.

The trial court erred in dismissing the indictment against defendant with prejudice. Because the State discovered defendant's status as an unlicensed person while this appeal was pending, we remand this matter for the State to re-present this case before a new Grand Jury. We conclude our decision on this cautionary note. N.J.S.A. 2C:40-22 transforms what otherwise would be a civil tort into a criminal offense, based only on defendant's status as an unlicensed driver. Because judges have the power to suspend a defendant's driver's license based on the failure to pay monetary penalties on an installment plan, the prosecution of this offense must be carried out with scrupulous adherence to constitutional safeguards, lest we make poverty a crime.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-0163-17T1